IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James Leon Walker, | ) | No. CIV 04-2817-PHX-DGC (DKD) |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Meg Savage, Warden, Eyman Complex; Arizona Attorney General, | ) | |
| Respondents. | ) | |

TO THE HONORABLE DAVID G. CAMPBELL, U.S. DISTRICT JUDGE:

James Leon Walker filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in Maricopa County Superior Court for one count each of attempted child molestation and attempted sexual conduct with a minor, and the court's imposition of an aggravated 15 year prison term for the first count, and lifetime probation for the second count. The original charges, some of which were dismissed as a result of a plea bargain, arose out of allegations that he had sexually molested his 13 and 11-year-old stepdaughters over a span of 7 years. He argues in his federal petition that 1) his plea was involuntary; 2) Arizona's statute of limitations barred prosecution; and 3) trial counsel failed to inform him that he was entitled to DNA results before entering his plea. Respondents argue that Walker's petition is untimely. The Court agrees and recommends that Walker's petition be denied and dismissed with prejudice.

1       On May 18, 2001, Walker entered his guilty plea and was sentenced (Doc. #12,
2  Exh C).  On August 9, 2001, Walker filed a notice of post-conviction relief (*Id*., Exh D).
3  On May 16, 2002, counsel filed a notice of completion of post-conviction review,
4  indicating that he had been unable to find any claims for relief, and requesting time to
5  allow Walker to file a pro se petition (*Id*., Exh E).  On January 15, 2003, Walker filed a
6  pro se petition for post-conviction relief, raising the following issues:  1) statute of
7  limitations bars prosecution for stale charges; 2) disproportionate sentencing; 3) incorrect
8  calculation of presentence incarceration credit; 4) grand jury indictment was fatally
9  defective; 5) wiretap surveillance violated fourth amendment; 6) prosecutorial
10 misconduct; 7) ineffective assistance of counsel; and 8) plea acceptance was not knowing,
11 voluntary, and intelligent (*Id*., Exh F).  On April 18, 2003, the trial court summarily
12 denied the petition (*Id.*, Exh G).

13      On April 30, 2003, Walker filed a petition for review in Maricopa County Superior
14 Court, seeking reconsideration of the issues raised in his pro se petition (*Id*., Exh H).  On
15 July 10, 2003, the trial court instructed Walker to file the petition for review with the
16 court of appeals (*Id*., Exh I), which Walker did on July 16, 2003 (*Id*., Exh J).  On July 25,
17 2003, the court of appeals rejected the petition for review because it did not substantially
18 comply with Ariz. R. Crim. P. 32.9(c), provided him with a copy of the rule, and allowed
19 Walker until August 28, 2003, to file a compliant petition (*Id*., Exh K).

20      On August 19, 2003, Walker filed a "Motion to Stay Case and Reopen Post-
21 Conviction Relief Proceedings" with the court of appeals (*Id*., Exh L).  He sought to
22 *reopen* post-conviction proceedings in state court, contending that he did not know at the
23 time of his original post-conviction petition that 1) he could request recusal of the trial
24 judge, and present evidence that Walker was coerced into signing the plea based on the
25 actions of both the trial judge and prior rulings of other trial judges; and 2) that Walker
26 could obtain DNA test results that had been denied prior to the acceptance of the plea
27 (*Id*.).

28

1  On September 4, 2003, the court of appeals denied Walker's motion, finding that
2 he had been represented by counsel in his post-conviction proceedings, and that he had
3 failed to set forth sufficient grounds for the court of appeals to stay the matter and reopen
4 post-conviction proceedings in the trial court (*Id.*, Exh M).  On September 17, 2003, the
5 court of appeals, not having received a compliant petition for review from Walker,
6 allowed him an extension until October 16 to file such a petition, or risk dismissal of the
7 Rule 32 proceedings (*Id.*, Exh N).  On September 26, 2003, Walker filed a Petition for
8 Special Action and Stay of Proceedings in the supreme court, requesting relief from the
9 court of appeals' denial of his Motion to Stay Case and Reopen Post-Conviction Relief
10 Proceedings (*Id.*, Exh O).

11  On October 31, 2003, the court of appeals dismissed the Rule 32 proceedings
12 because it had not received a compliant petition for review from Walker (*Id.*, Exh P).  On
13 November 10, 2003, the supreme court dismissed Walker's special action as moot, in light
14 of the court of appeals' dismissal of his post-conviction relief proceedings due to his
15 "failure to resubmit a petition for review which complies with the rules" (*Id.*, Exh Q).  On
16 November 24, 2003, Walker filed a motion for reconsideration; on December 26, 2003,
17 the court denied the motion (*Id.*, Exh R, S).  On December 8, 2004, Walker filed this
18 petition.

19  Walker was required to file his federal petition within one year of the date the
20 judgment of conviction became final in state court.  *See* 28 U.S.C. § 2244(d)(1).  In this
21 case, Walker's convictions became final on May 18, 2001, the day he was sentenced.  The
22 limitations period began to run the next day, and continued to run until August 9, 2001,
23 when he filed his notice of post-conviction relief, for a total of 82 days.  It was then tolled
24 until October 31, 2003, when the court of appeals dismissed the Rule 32 proceedings.
25 After this date, the Rule 32 proceedings were no longer pending within the meaning of 28

1  U.S.C. § 2244(d)(2)[1] and the clock on his federal limitations period began to run again
2  until he filed his federal petition on December 8, 2004. Adding the 82 days prior to his
3  filing a notice of post-conviction relief to the 402 days between the October 31, 2003
4  dismissal of his Rule 32 proceedings and his federal filing, Walker's federal petition was
5  not filed until 484 days after his conviction became final. Moreover, even assuming for
6  the sake of argument that Walker's special action and request for reconsideration to the
7  Arizona Supreme Court tolled the clock on his one-year limitations period, Walker's
8  federal petition was still too late. Adding 82 days to Walker's delay between the Arizona
9  Supreme Court's December 26, 2003 denial of his motion for reconsideration and the
10 filing of his federal petition on December 8, 2004, puts Walker beyond the one-year
11 limitations period.

12 Finally, Walker has not shown any extraordinary circumstances beyond his control
13 which made it impossible for him to timely file his federal habeas petition, and is thus not
14 entitled to equitable tolling. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

15 **IT IS THEREFORE RECOMMENDED** that Petitioner James Leon Walker's
16 petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE**
17 (Doc. #1).

18 This recommendation is not an order that is immediately appealable to the Ninth
19 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
20 Appellate Procedure, should not be filed until entry of the district court's judgment. The

21

---

22 [1]Walker was required to petition the supreme court for a review *of this decision* within
23 30 days of the dismissal. *See* Ariz. R. Crim. P. 31.19(a) and 32.9(g). The applicable rules
   of criminal procedure mandate that a petition for review, in this case from the court of
24 appeals' dismissal of his Rule 32 proceedings for failure to file a compliant petition, must be
   filed within 30 days *of that decision*. Not only did Walker fail to petition for a review of that
25 decision, but the special action that he did file within the 30-day time limit was not an appeal
26 from the court of appeals' decision to *dismiss* the Rule 32 proceedings, "but instead requested
   relief from the Court of Appeals' denial of his motion to reopen post-conviction relief
27 proceedings and raise additional claims" (Doc. #12 at 6, n. 2).

28

1 parties shall have ten days from the date of service of a copy of this recommendation
2 within which to file specific written objections with the Court.  *See,* 28 U.S.C. §
3 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties
4 have ten days within which to file a response to the objections.  Failure timely to file
5 objections to the Magistrate Judge's Report and Recommendation may result in the
6 acceptance of the Report and Recommendation by the district court without further
7 review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure
8 timely to file objections to any factual determinations of the Magistrate Judge will be
9 considered a waiver of a party's right to appellate review of the findings of fact in an
10 order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule
11 72, Federal Rules of Civil Procedure.

DATED this 26th day of October, 2005.

_____
David K. Duncan
United States Magistrate Judge